PER CURIAM.
Ricardo J. Page and Paul E. Fenske appeal the judgment of the United States Court of Federal Claims, 51 Fed.Cl. 328, granting the government’s motion for summary judgment that they have no compensable taking claim. Because Page and Fenske have not asserted the kind of property right that could be the subject of a taking claim, we affirm.
Page and Fenske operated an ostrich quarantine station in Bensenville, Illinois. Four months prior to the creation of their business, the United States Department of Agriculture Animal and Plant Health Inspection Service (“APHIS”) published a proposal to revise the standards for incubator/hatcher areas and bird holding areas in quarantine facilities. 58 Fed. Reg. at 41,204 (codified at 9 C.F.R. pt. 92 (2002)). The proposal emphasized that the greatest impact of the rule change would be felt by the ostrich egg industry. The proposal was open to and received 214 comments before issuing in its final form. Page and Fenske did not file any comments on the proposed rule. After publication of the proposal, but before passage of the final rule, Page and Fenske began operating their quarantine station under a permitted capacity of 2018 eggs per cycle. The new regulation enforced a square footage requirement that reduced that capacity to 497 eggs per cycle. APHIS notified Page and Fenske of the change and offered accommodations to ease the transition to the new standard, but Page and Fenske *410 were not interested in the temporary accommodation. Instead, they filed suit in the United States Court of Federal Claims.
We review the grant of summary judgment by the Court of Federal Claims de novo. Mass. Bay Transp. Auth. v. United States, 129 F.3d 1226 (Fed.Cir.1997). In analyzing a takings claim that is the result of governmental land use restrictions, we apply a two-step analysis. “First, a court should inquire into the nature of the land owner’s estate to determine whether the use interest proscribed by the governmental action was part of the owner’s title to begin with, i.e., whether the land use interest was a ‘stick in the bundle of property rights’ acquired by the owner. Second, if the claimant can establish the existence of such an interest, the court must then determine whether the governmental action at issue constituted a compensable taking of that ‘stick.’ ” M & J Coal Co. v. United States, 47 F.3d 1148, 1154 (Fed.Cir.1995) (internal citations omitted).
Page and Fenske argue that the alleged compensable interest “taken” by the government was the right to operate the quarantine facility free of the minimum space requirement contained in 9 C.F.R. § 92.106(c)(2)(ii)(O) (2002). They argue that they had investment-backed expectations of operating a facility with a certain capacity and the government was not permitted to reduce that capacity by regulation without compensating them for it. We disagree.
“ ‘Those who do business in the regulated field cannot object if the legislative scheme is buttressed by subsequent amendments to achieve the legislative end.’ ” Connolly v. Pension Ben. Guar. Corp., 475 U.S. 211, 227, 106 S.Ct. 1018, 89 L.Ed.2d 166 (1986) (quoting FHA v. Darlington, Inc., 358 U.S. 84, 91, 79 S.Ct. 141, 3 L.Ed.2d 132 (1958)). “No person has a vested interest in any rule of law, entitling him to insist that it shall remain unchanged for his benefit.” New York Central R.R. v. White, 243 U.S. 188, 198, 37 S.Ct. 247, 61 L.Ed. 667 (1917). “Government hardly could go on if to some extent values incident to property could not be diminished without paying for every such change in the general law.” Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 413, 43 S.Ct. 158, 67 L.Ed. 322 (1922).
This case is analogous to Mitchell Arms v. United States, 7 F.3d 212 (Fed. Cir.1993), in which we declined to find a property interest in the investment-backed reliance on issued import permits for firearms. Id. at 215. Page and Fenske entered a highly regulated field and did so with notice that the governing regulations were changing. The regulations had changed several times in the years immediately prior to the creation of Page and Fenske’s business and they had notice through publication that a new change was being considered.